52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald MONTGOMERY, Plaintiff-Appellant,
v.
EL PASO COUNTY SHERIFF'S DEPARTMENT, Major Alexander,
Captain Santiago, Lt. Hilte, Sgt. Bowers, Deputy
Richards, Defendants-Appellees.
 No. 94-1439.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Gerald Montgomery ("Montgomery") filed this claim pro se under 42 U.S.C.1983 complaining of actions taken by Defendants-Appellees, the El Paso County Sheriff's Department and various department officials, when Montgomery was an inmate in the El Paso County Jail. In particular, Montgomery alleges that Defendants violated his rights under the Due Process Clause when they did not permit him to call witnesses or present other evidence at a disciplinary hearing and then placed him in disciplinary segregation, thereby also impacting his good time credits and jail release date. The district court dismissed Montgomery's claim sua sponte as frivolous under 28 U.S.C.1915(d) based on the report and recommendation of a magistrate. We now reverse and remand because we conclude that Montgomery has stated a colorable claim sufficient to withstand dismissal under 1915(d).[2]
 
 
 3
 Courts may dismiss in forma pauperis complaints as "frivolous" under 28 U.S.C.1915(d) if they rely on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legal claims may be sufficiently arguable to avoid dismissal as frivolous even if they would be dismissed for failure to state a claim on a close question of law. Id. at 328-29. Moreover, plausible factual allegations should not be deemed frivolous under 1915(d) even if they lack evidentiary support. Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir.1994). However, dismissal is appropriate where the allegations do not support even an arguable claim. Neitzke, 490 U.S. at 327. We review the district court's dismissal for abuse of discretion. Templeman, 16 F.2d at 369.
 
 
 4
 In the present action, the district court adopted the magistrate's recommendation that Montgomery's claim was frivolous because Montgomery failed to show that he was entitled to more process than he received. In particular, the magistrate--relying on Hewitt v. Helms, 459 U.S. 460, 476 (1983), and McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir.1983)--stated that prisoners like Montgomery facing restrictive segregation are only entitled to notice and an opportunity to be heard, and have no right to put on witnesses or submit documentary evidence. The magistrate further found that Montgomery's own exhibits contradicted his allegation that his good time credits were affected by his disciplinary segregation. Thus, the magistrate and the district court concluded that Montgomery failed to allege facts that support an arguable legal claim. We disagree.
 
 
 5
 First, we note that the precedents relied on by the magistrate and the district court to hold that the only process Montgomery was due was notice and an opportunity to be heard involved different factual circumstances than those presented in the instant case. In particular, Hewitt and McCrae involved prisoners who were placed in administrative segregation, and not punitive segregation like Montgomery. It is well established that prisoners do not have a liberty interest in remaining out of administrative segregation unless an interest is created by state law, Hewitt, 459 U.S. at 466-69, and this Circuit has held that Colorado has not created any such right. Templeman, 16 F.3d at 369. Accordingly, were Montgomery subject to administrative segregation, he would not allege any liberty interest, and he would not be entitled to any special procedural rights before being segregated even if such segregation impacted his good time credits. Moreover, even if Colorado had created a right to be free from administrative segregation absent certain circumstances, the process due a prisoner facing such segregation under the federal Constitution would be minimal and would not include the right to put on witnesses or evidence. Hewitt, 459 U.S. at 476.
 
 
 6
 However, the present case involves punitive and not administrative segregation, and thus implicates greater due process concerns. Frazier v. Dubois, 922 F.2d 560, 563 (10th Cir.1990); see also Hewitt, 459 U.S. at 468, 473 (stating that placing inmates in restrictive quarters for "nonpunitive reasons" is within the expected terms of a prison sentence, and distinguishing such segregation from "disciplinary confinement"). The report from Montgomery's disciplinary hearing specifically states that Montgomery was to be placed in "disciplinary segregation." Thus, although the line between administrative and punitive segregation may be murky, Frazier, 922 F.2d at 563, we take Defendants' own characterization of the segregation at face value and conclude that Montgomery was being punished for his actions. That punishment involved both the segregation itself and the alleged extension of Montgomery's sentence from the loss of good time credits. Because Montgomery was facing punitive sanctions, he should have received the core due process protections of notice, the right to be heard, and the right to call witnesses and put on evidence. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974).
 
 
 7
 Furthermore, Montgomery's allegations appear supported by the record before us--let alone sufficiently plausible or unfanciful to satisfy 1915(d)--despite the magistrate's somewhat summary conclusion that Montgomery's own exhibits contradicted his allegation that his good time credits were impacted by the disciplinary sanction he received.[3] Specifically, Montgomery identifies a November 24, 1993 order from the El Paso County Court that specifies that his projected release date was April 4, 1994 if he maintained his trustee status and that the court would consider releasing him to spend the last 30 days of his sentence at the Pueblo Treatment Services Intermediate Residential Treatment Program. Other records indicate that Montgomery was not in fact released from the Colorado Justice Center until May 9, 1994. Montgomery will, of course, have to substantiate his allegations and carry his burden of proof at further proceedings below after Defendants respond to his complaint.
 
 
 8
 Nevertheless, we hold that dismissal under 1915(d) was inappropriate and REVERSE and REMAND for further proceedings in accordance with this opinion. The Mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Thus, we also grant Montgomery's motion for leave to file his appeal in forma pauperis pursuant to 28 U.S.C.1915
 
 
 [3]
 Defendants do not dispute that Montgomery was placed in segregation for 30 days