**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERALD MONTGOMERY,

        Plaintiff-Appellant,

v.

EL PASO COUNTY SHERIFF'S
DEPARTMENT; MAJOR
ALEXANDER; LT. HILTE; SGT.
BOWERS; DEPUTY RICHARDS,

        Defendants-Appellees.

No. 97-1177
(D.C. No. 94-B-698)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1994, plaintiff Gerald Montgomery filed a complaint under 42 U.S.C. § 1983 alleging denial of his right to due process in prison disciplinary proceedings that resulted in his being placed in disciplinary segregation for thirty days and losing the opportunity to earn good time credits. In his first appeal, we reversed the district court's dismissal of his claim pursuant to 28 U.S.C. § 1915(d), and remanded the case for further proceedings. See Montgomery v. El Paso County Sheriff's Dep't, No. 94-1439, 1995 WL 221524 (10th Cir. April 13, 1995) (unpublished). On remand, the district court, adopting the magistrate judge's report and recommendation, granted defendants' motion for summary judgment and dismissed the case with prejudice. Mr. Montgomery again appeals. We review the district court's grant of summary judgment de novo. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We may affirm on any ground supported by the record. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state-created liberty interests. Disciplinary proceedings meet the due process requirements of Wolff if they provide the inmate with "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996) (internal quotation omitted). On appeal, Mr. Montgomery contends that defendants did not provide him with a statement of reasons and evidence relied on, did not allow him to call witnesses, and suppressed evidence.

It is axiomatic that to be entitled to the due process protections explained in Wolff, a prisoner must be deprived of a liberty interest. See Wolff, 418 U.S. at 557-58. In the first appeal, we concluded that, taking Mr. Montgomery's allegations as true as we were required to do in the posture of the case, defendants deprived him of his liberty interest in two ways--by placing him in disciplinary or punitive segregation, and by depriving him of the opportunity to earn good time credits--noting that he would have to substantiate these allegations in subsequent proceedings. See Montgomery, 1995 WL 221524 at **2. Shortly after our decision, the Supreme Court issued Sandin v. Conner, 515 U.S. 472 (1995), which redefined what prisoner interests are subject to due process protections. Sandin thus guides the analysis. See Pittsburg & Midway Coal Mining Co. v. Watchman, 52 F.3d 1531, 1536 n.4 (10th Cir. 1995) (noting exception to law-of-the-case doctrine for change in controlling law).

In Sandin , the Court held that state-created liberty interests protected by the due process clause generally are limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. Mr. Montgomery has not demonstrated that his being placed on thirty-days disciplinary segregation was an atypical and significant hardship; indeed, Sandin held that a similar punishment was not protected by the due process clause. See id. at 485-86; see also Talley v. Hesse , 91 F.3d 1411, 1413 (10th Cir. 1996) (noting retroactive effect of Sandin and holding that prisoner did not have liberty interest in not being placed in administrative segregation). Sandin also held that disciplinary actions that do not "inevitably affect the duration" of a prisoner's sentence are not protected by the due process clause. See 515 U.S. at 487. Mr. Montgomery claims that the disciplinary action prevented him from earning good time credits, but he has not demonstrated that this "inevitably" affected the duration of his sentence. See Antonelli v. Sheahan , 81 F.3d 1422, 1431 (7th Cir. 1996) (holding loss of opportunity to earn good-time credits not constitutionally protected under Sandin ); Luken v. Scott , 71 F.3d 192, 193 (5th Cir. 1995) (same). He has thus failed to show that he was deprived of any protected liberty interest.

Even assuming the disciplinary action did implicate protected liberty interests, we agree with the district court that Mr. Montgomery received all the

-4-

process to which he was due. It is undisputed that he received advance written notice of the charges against him. Defendants had legitimate reasons for not calling the three witnesses he had requested. One was an inmate who had been released by the time of the hearing, and another was an officer whom the hearing officers determined had no personal knowledge of the relevant incidents. Mr. Montgomery has not explained what relevant testimony these witnesses could have provided. The third requested witness was the sheriff's department worker who filed complaints against him. The hearing officers determined that her written reports, which were read at the hearing, were adequate and that her presence at the hearing was not required. Mr. Montgomery had no right to confront or cross-examine her. See Wolff, 418 U.S. at 567-68. We see no error in the hearing officers' refusal to call these witnesses. Contrary to his assertion, he did receive an adequate statement of the evidence relied on and reasons for disciplinary action, as Wolff requires. Finally, Mr. Montgomery's claim that defendants suppressed evidence fails because, while Wolff requires advance notice of the charges, it does not require the production of evidence before the hearing. See Mitchell, 80 F.3d at 1445 (noting Wolfe's limited due process requirements).

We also reject Mr. Montgomery's contention that Edwards v. Balisok, 117 S. Ct. 1584 (1997), somehow entitles him to relief. The only possible effect

<u>Edwards</u> could have on his case is to make it premature by requiring him to first obtain habeas corpus relief from the disciplinary action prior to seeking relief under § 1983.  <u>See</u> <u>Edwards</u>, 117 S. Ct. at 1587-89.  Because it is clear that is not what Mr. Montgomery wants and because we interpret his claim as challenging only the procedures used by defendants rather than their ultimate determination that discipline was warranted, we conclude that <u>Edwards</u> neither bars nor otherwise affects his claim.

Mr. Montgomery's application to proceed in forma pauperis is GRANTED. The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge