Larry D. FRAZIER, Plaintiff–Appellant,

v.

L.F. DUBOIS, Wayne Smith, R.I. Mathews, Lee Connors, Sam Clabone, Defendant–Appellees.

No. 90–3096.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1990.

As Modified Jan. 11, 1991.

Larry D. Frazier, pro se.

Before ANDERSON, BALDOCK and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument. We nevertheless grant Frazier's request to proceed in forma pauperis.

This case involves an appeal pursuant to 28 U.S.C. § 1331. Plaintiff, currently confined at the United States Penitentiary, Lompoc, California, claims that the defendants violated his constitutional rights by transferring him from the United States Penitentiary in Leavenworth, Kansas to Lompoc. Plaintiff alleges that he was transferred in retaliation for his activities as chairman of the "Afrikan Cultural Society" and brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for violation of his First Amendment rights. Plaintiff further contends that he was segregated from the general prison population for four days without a hearing and that the judge's signature on the April 10, 1990 order denying his motion to appeal in forma pauperis is a forgery. Plaintiff seeks both damages and equitable relief in the form of a transfer to a federal prison near his home in North Carolina.

The district court dismissed the pro se complaint as frivolous under 28 U.S.C. § 1915(d). Citing *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and *Robinson v. Benson*, 570 F.2d 920, 923 (10th Cir.1978), the court concluded that the plaintiff could not state a claim because "the Attorney General has the discretion to transfer federal prisoners from one place of confinement to another at any time, for any reason whatsoever or for no reason at all." Order at 1. We disagree with the all-encompassing breadth of that conclusion. The Supreme Court in *Meachum v. Fano* held that the *due process* clause of the Fourteenth Amendment does not entitle a prisoner to a hearing whenever he is transferred from one prison to another because a prisoner does not have a *"liberty interest"* in assignment to any particular prison. However, *Meachum* addressed only the due process clause, and it did not preclude the possibility that a transfer might violate other constitutional provisions. Most circuits have since recognized this distinction and have held that *Meachum* did not confer on prison officials unbridled discretion to transfer inmates in retaliation for exercising their constitutional rights. The Eighth Circuit stated as much in *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502 (8th Cir.1985), holding that a prisoner's complaint alleging a transfer from a medium security prison to a maximum security prison solely to punish him for his religious views amounted to a claim for relief under 42 U.S.C. § 1983. *See also Meriwether v. Coughlin*, 879 F.2d 1037, 1045 (2d Cir.1989); *Bridges v. Russell*, 757 F.2d 1155 (11th Cir.1985); and *Buise v. Hudkins*, 584 F.2d 223, 229–30 (7th Cir.1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979). *Cf. Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir.1989); *Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir.1984); *Milhouse v. Carlson*, 652 F.2d 371, 373–74 (3d Cir.1981); and *Furtado v. Bishop*, 604 F.2d 80, 87 (1st Cir.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980).

■ Although the Tenth Circuit has yet to rule on such a prisoner transfer case, we think the other circuits have correctly interpreted *Meachum*. Thus, we agree that "[w]hile a prisoner enjoys no constitutional

right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." *Murphy v. Missouri Dept. of Correction,* 769 F.2d at 503.

Given this holding of law, we find that the district court here erred in dismissing the complaint as frivolous. It is by now well established that an action may not be dismissed as frivolous unless it is beyond doubt that the petitioner can prove no facts in support of his claim which would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Owens v. Maschner,* 811 F.2d 1365 (10th Cir.1987); *Horsey v. Asher,* 741 F.2d 209, 211 (8th Cir.1984). Because Frazier may be able to prove that his transfer was the result of improper retaliation by prison officials to punish plaintiff for constitutionally protected activity, we reverse and remand for further consideration.[1]

We are, however, mindful of the fact that "courts are ill equipped to deal with the increasingly urgent problems of prison administration ...," and thereby direct the lower court on remand to the principles set forth in *Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). In *Turner,* the Supreme Court indicated that "a lesser standard of scrutiny is appropriate in determining the constitutionality of prison rules" and that great deference must be accorded to the administrative determinations of prison officials. *Id.* at 81, 85, 107 S.Ct. at 2259. The Court thus concluded that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is *reasonably related to legitimate penological*

*interests." Id.* at 89, 107 S.Ct. at 2261. Although *Turner* addresses prison rules and regulations, we see no reason why the *Turner* principle should not apply to other prison actions, such as the transfer here. *Jackson v. Cain,* 864 F.2d 1235, 1248 (5th Cir.1989).

To determine whether the prison action is "reasonably related to legitimate penological interests," *Turner* erects a balancing test, and it directs lower courts to weigh the following factors. First, the lower court should inquire into whether there is a "valid, rational connection" between the prison action and the "legitimate government interest put forward to justify it." *Turner,* 482 U.S. at 89, 107 S.Ct. at 2262. Second, the lower court should determine whether "there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90, 107 S.Ct. at 2262. Third, the court should evaluate "the impact [that] accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.* And finally, the court should look for the presence of "obvious, easy alternatives" to the disputed prison activity.[2] *Id.* Of course, in conducting this analysis, the Supreme Court advises repeatedly that substantial deference is to be accorded to the prison authorities.

The lower court here did not engage in the analysis set forth in *Turner.* Moreover, the prison officials have, as of yet, articulated no reasons for the transfer of Frazier. Therefore, since it is by no means apparent that Frazier's claim is frivolous, we think it appropriate to remand this case for further consideration consistent with this opinion.

Frazier additionally claims that he was arbitrarily placed in segregation with-

---

1. Of course, it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.

2. We note that the Supreme Court emphatically rejected a "least restrictive alternative test," observing that "prison officials do not have to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint." *Id.,* 482 U.S. at 91, 107 S.Ct. at 2262. We therefore disapprove of *Benjamin v. Coughlin,* 905 F.2d 571 (2d Cir. 1990) to the extent that it is inconsistent with this admonition.

out a hearing by the officials at Leavenworth. This is a serious allegation. The Supreme Court has noted that, if the purpose is punishment, "[s]egregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions." *Hughes v. Rowe*, 449 U.S. 5, 11, 101 S.Ct. 173, 177, 66 L.Ed.2d 163 (1980). If the segregation is non-punitive in nature and is done for administrative or supervisory reasons, the inmate has no due process rights prior to administrative confinement unless prison regulations provide him with a liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983). Admittedly, it is an unclear and murky line that separates these two kinds of segregation. For examples of other cases seeking to draw this distinction between punitive and administrative segregation, see *Woodson v. Lack*, 865 F.2d 107, 109–10 (6th Cir.1989); *Sheley v. Dugger*, 824 F.2d 1551, 1554 (11th Cir.1987); *Ort v. White*, 813 F.2d 318, 326–27 (11th Cir.1987); *Abdul–Wadood v. Duckworth*, 860 F.2d 280, 289 (7th Cir.1988); *Freeman v. Rideout*, 808 F.2d 949, 957 (2d Cir.1986); *Green v. Ferrell*, 801 F.2d 765, 767 (5th Cir.1986); *Manley v. Bronson*, 657 F.Supp. 832, 836 (D.Conn.1987). We have some difficulty in drawing a line between punitive and nonpunitive segregation because most segregation would seem to involve both elements. And, we are mindful that *Hewitt v. Helms*, being the more recent Supreme Court authority, reflects the current trend to recognize wide discretionary authority in prison officials as to how they may deal with inmates. However, this is a pro se complaint and it comes before us on an incomplete record. Frazier claims that he was denied a required segregation hearing. The record is inadequate as to the nature of Frazier's confinement, the prison regulations (if any) governing such confinement, the procedures accorded to Frazier, and the extent to which he exhausted his administrative remedies. Therefore, it is not appropriate for us at this juncture to attempt to resolve the legal merits of this claim. For now, we can only remand to the district court for further proceedings and to order the government to respond to Frazier's allegations.

Finally, Frazier contends that the judge's signature on the April 10, 1990 order denying his motion to appeal in forma pauperis was a forgery. From this assertion he concludes that the order denying him such status is void. Petitioner's allegation on this issue is so confusing and devoid of facts that we cannot clearly understand it. However, because we conclude that the district court erred in dismissing Frazier's complaint, and because we are remanding for further proceedings, this claim is moot.

REVERSED and REMANDED for further proceedings consistent with this opinion.