UNITED STATES COURT OF APPEALS
**Filed 6/24/96**
TENTH CIRCUIT

RICHARD M. ORTEGA,

  Plaintiff-Appellant,

  v.

DONALD K. HOOVER,
Interstate Compact Administrator,

  Defendant-Appellee.

No. 96-2033
(D.C. No. CIV-96-35-JC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Richard M. Ortega, a pro se inmate, appeals the dismissal of his civil rights action brought under 42 U.S.C. § 1983. Ortega claims his due process and equal protection

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

rights were violated by the arbitrary and capricious manner in which his transfer request was handled. The district court dismissed the action for failure to state a claim for relief.

Ortega was transferred against his will from Virginia to New Mexico. He requested a transfer to California. His request was approved by New Mexico, but was denied by California for "numerous infractions" and because he could be "a potential management problem." Ortega argues false and misleading information was submitted in an arbitrary and capricious manner in order to bar his chances of acceptance by California.

In dismissing Ortega's equal protection claim, the district court found Ortega's claim failed to allege some form of disparate treatment (see Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1118 (10th Cir. 1991)), and that he failed to allege any discriminatory treatment originating in an impermissible class discrimination (see Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991)).

With regard to Ortega's due process claim, as stated by the district court, inmates have no inherent constitutionally protected right to housing in a particular institution or to a particular classification. See Vitek v. Jones, 445 U.S. 480, 489 (1980); Meachum v. Fano, 427 U.S. 215, 225 (1976). Even if conditions at a receiving institution are much worse than at the sending institution, the inmate has no constitutional protection against transfer. Meachum, 427 U.S. at 225. Inmates have no automatic due process right to a hearing prior to transfer. See, e.g., Sandin v. Conner, 115 S. Ct. 2293 (1995); Frazier v.

2

Dubois, 922 F.2d 560 (10th Cir. 1990).

We have carefully reviewed Ortega's appellate brief, all of the pleadings, and the district court's order.  We affirm the dismissal of Ortega's action for substantially the reasons set forth in the district court's order.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge