F I L E D
United States Court of Appeals
Tenth Circuit

FEB 18 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LYNN WRIGHT,

    Plaintiff - Appellant,

v.

O. LANE McCOTTER; J. TERRY
BARTLETT; HANK GALETKA,
individually; LARRY CHEN,
individually and pursuant to his
respective capacity as an employee of
the Utah Department of Corrections,

    Defendants - Appellees.

No. 98-4095

(D.C. No. 97-CV-595-B)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Plaintiff-Appellant's brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff, a prisoner at the Central Utah Correctional Facility in Gunnison,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Utah, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Plaintiff's section 1983 action claimed several violations of his constitutional rights, including the denial of equal protection and due process, retaliation in violation of the First Amendment, and violations of the Eighth Amendment. In its report and recommendation filed January 8, 1998, the magistrate judge recommended dismissing the action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The district court adopted the magistrate judge's recommendation and, on May 13, 1998, dismissed Plaintiff's section 1983 action as frivolous.

On appeal, Plaintiff claims that the district court erred in dismissing two of his alleged constitutional arguments. He first argues that prison officials violated the First Amendment by placing him in administrative segregation for five months in retaliation for his filing administrative grievances and civil rights lawsuits. He asserts that the chronology of his grievances attacking prison policy supports an inference of retaliatory animus sufficient to survive dismissal. Second, he contends that he was denied equal protection because similarly situated individuals were not placed in segregation, there was no rational basis for this unequal treatment, and his claim was not vague and conclusory but met the requisite standard by stating facts which could support an arguable claim.

After considering the arguments raised in Plaintiff's brief and reviewing the record and the applicable law, we affirm the district court's dismissal of

Plaintiff's 42 U.S.C. § 1983 action for substantially the same reasons set forth by the magistrate judge and adopted by district court in its Order filed May 13, 1998, and for additional reasons that we now articulate.

With respect to the retaliation claim, it is well-established that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990) (citing several circuit cases supporting principle that retaliation for filing lawsuits and administrative grievances violates both the inmate's right of access to the courts and his First Amendment rights). However, to withstand dismissal, Plaintiff must plead some facts showing retaliatory motive. See Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990); cf. Smith, 899 F.2d at 949 (indicating that to defeat summary judgment, Plaintiff must present some evidence of retaliatory motive). We agree with the district court that Plaintiff has not met this burden. Standing alone, some temporal proximity between Plaintiff's grievance and lawsuit filings and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive to state a claim. Cf. Smith, 899 F.2d at 949 (reversing summary judgment because "circumstantial evidence of the suspicious timing of [plaintiff's] discipline, coincidental transfers of his witnesses and assistants, and an alleged pattern by defendants of blocking his access to legal materials and assistance"

was sufficient to create a jury question on plaintiff's retaliation claim). Aside from the temporal proximity of Plaintiff's complaint to his discipline, Plaintiff has made no factual allegation that any of the other circumstances that existed in Smith occurred here. Moreover, while Plaintiff claims that Defendants imposed segregation in May 1997 in retaliation for his filing a grievance in March 1997, we think that Plaintiff's earlier legal filings in 1991 and 1993 negate any inference of retaliation that may be drawn from temporal proximity.

In addition to the arguments relating to the substance of his appeal, Plaintiff has requested that this court waive his $105.00 appellate filing fee because the district court abused its discretion in dismissing his section 1983 action as frivolous. This request is denied and Plaintiff is ordered to continue making payments to this court in accordance with the Order of the Clerk of the Court dated September 2, 1998.

For the reasons stated, we **AFFIRM** the district court's dismissal of Plaintiff's section 1983 action.

Entered for the Court


Monroe G. McKay
Circuit Judge


-4-