**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DENNIS AKERVIK,

       Plaintiff-Appellant,

v.

M.E. RAY, Warden, Federal Bureau of
Prisons; (FNU) KENNEY, Senior
Corrections Officer, USP
Leavenworth; (FNU) SOMERS, Senior
Correctional Officer, USP
Leavenworth; (FNU) REED, Senior
Correctional Officer, USP
Leavenworth; (FNU) DENNEY,
Psychologist, USP Leavenworth;
JACOBS, (FNU), Senior Correctional
Officer, USP Leavenworth;
LT. ODEM, (FNU), Correctional
Officer, USP Leavenworth; (FNU)
HUTCHISON, Senior Correctional
Officer, USP Leavenworth; (FNU)
BEARD, Senior Correctional Officer,
USP Leavenworth; (FNU)
TOUNGATE, Senior Correctional
Officer, USP Leavenworth; (FNU)
BEAZ, Assistant Warden, USP
Leavenworth; (FNU) PIERCE,
Unit Manager, USP Leavenworth;
FED. EMPLOYEE UNION,

       Defendants-Appellees.

No.  01-3072
(D.C. No. 01-CV-3013-GTV)
(D. Kan.)

DENNIS AKERVIK,

        Plaintiff-Appellant,

v.

M.E. RAY, Warden, USP
Leavenworth,

        Defendant-Appellee.

No. 01-3075
(D.C. No. 01-CV-3037-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

Plaintiff initiated these two civil actions against the warden and/or others at the United States Penitentiary at Leavenworth, Kansas, complaining generally of various actions allegedly taken against him and other prison inmates.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

No. 01-3072

Plaintiff filed this Bivens [1] action against the warden and other correctional officers at the federal penitentiary at Leavenworth, Kansas. He alleged he was subjected to abuse and prejudice because of his sexual orientation and subjected to verbal and sexual harassment. R., Doc. 1 at 4. He contended that the defendants "had knowledge of and failed to effectuate change [of their actions], knowing also that an excessive risk to plaintiffs [sic] safety existed." Id. at 5. He claimed he was denied use of the "law library, cleaning supplies, haircuts, employment and similar programs provided other inmates." Id. He further asserted that certain officers were engaged in graft "to inmates to conduct illegal activities including assault" and that he was fired from his job as an orderly because of his sexual orientation. Id. He also claimed institution-wide misbehavior by officials, id. at 5(a), and argues that Leavenworth is outdated, poses security and safety concerns and should be closed, id. at 5(b).

The district court dismissed the action for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The court ruled that verbal abuse is insufficient to state a constitutional violation and that plaintiff's general claims of discrimination were conclusory and without factual

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

support.  R., Doc. 15 at 2.  The court further concluded that plaintiff lacked standing to prosecute his "sweeping allegations of corruption and mismanagement" at Leavenworth.  Id.

Plaintiff filed an "objection" to the dismissal of his complaint, claiming, inter alia, that he had been "assaulted twice by staff, resulting in injuries," with no further details, no dates, no named defendants.  He argued that the court had failed to hear his other motions and that he had "stated several claims which should not be ignored."  R., Doc. 17 at 2, 5.  He also filed a notice of appeal.  The court construed the objection as a Fed. R. Civ. P. 59(e) motion, denied it, and granted leave to proceed on appeal by making partial payments, reminding plaintiff of his prior and current obligations to pay filing fees as authorized by 28 U.S.C. § 1915(b)(2).

In his pro se brief on appeal, plaintiff again alludes to assaults but without providing any further factual support.  He does not argue that he has been denied access to legal resources, but rather that his claims have been ignored within the prison administrative system.  He claims to have submitted over fifty letters to the warden requesting relief.  We review de novo the district court's dismissal of plaintiff's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

-4-

We hold that the district court's sua sponte dismissal of the complaint was proper. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). Verbal harassment alone does not state a constitutional violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Denial of use of the law library is not actionable if there has been no claim of prejudice to existing or future legal actions. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996). In addition, plaintiff has failed to link the alleged facts underlying misconduct and constitutional violations to any specific acts of the defendants. See Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) (pro se litigants must have some minimal level of factual support for claims); Bennett v. Passic, 545 F.2d 1260, 1262 (10th Cir. 1976) (personal participation is essential allegation in civil rights claim). The allegation that the federal employees' union has jeopardized the safe and orderly running of the facility is simply too vague and conclusory to state a claim for relief, and we "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney, 113 F.3d at 1175. See also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (not every push or shove violates prisoner's constitutional rights); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations without supporting facts averments insufficient to state claim for relief).

The district court's dismissal of this action under 28 U.S.C. § 1915(e)(2)(B)(ii) constitutes a prior occasion for purposes of § 1915(g) (counting in forma pauperis actions by prisoners which are dismissed as frivolous, malicious or failing to state claim for relief). We also dismiss the appeal as frivolous; plaintiff has therefore accumulated two prior occasions or strikes. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (dismissal by district court for failure to state claim followed by appellate dismissal constitutes two strikes). Plaintiff is nonetheless reminded of his obligation to continue making partial payments until the entire docketing fee is paid in full.

No. 01-3075

In this action, plaintiff alleged that the defendants violated the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680;1346, by confiscating and subsequently destroying his original art work (drawings, sketches, designs, paintings), causing him irreparable harm. R., Doc. 1 at 5. He sought compensatory damages of $250,000 and punitive damages of $5,000,000. He also asked that the Bureau of Prisons (BOP) provide receipts for all confiscated items to allow for redress. Id. at 6.

The court construed the action as brought pursuant to Bivens, 403 U.S. at 388; R., Doc. 8. The court further held that plaintiff had merely alleged

-6-

negligence in official action resulting in injury to plaintiff's property. R., Doc. 8 at 2. The court concluded that "[a]bsent sufficient factual allegations of intentional or reckless conduct by the government official [that] caused the plaintiff's injury, no cognizable constitutional claim is stated." Id. at 2 (citing Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986)).

A pro se complaint is only properly dismissed for failure to state a claim if plaintiff obviously cannot prevail on the facts and, additionally, it would be futile to allow him to amend his complaint. Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001). We review de novo the dismissal of plaintiff's complaint for failure to state a claim.

We agree with the district court that the negligent deprivation of property does not constitute a deprivation of due process under Daniels v. Williams, 474 U.S. at 333-34. Nor will an action lie for the intentional deprivation of property if there is a meaningful postdeprivation remedy for the loss available. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).

The FTCA provides just such a post-deprivation remedy, and, attached to plaintiff's complaint are documents indicating plaintiff has pursued the administrative procedure required as a prerequisite to filing an FTCA claim. See 28 U.S.C. § 543.30-543.32. Accordingly, the district court should have

considered plaintiff's complaint under the provisions of the FTCA. In addition, to the extent that plaintiff seeks injunctive relief and/or punitive damages for the intentional deprivation of property, these remedies are available in a <u>Bivens</u> action but not in one brought under the FTCA. <u>See</u> <u>Carlson v. Green</u>, 446 U.S. 14, 22 (1980) (punitive damages available in <u>Bivens</u> action but prohibited under FTCA). In this regard, FTCA and <u>Bivens</u> are "parallel, complementary causes of action." <u>Id.</u> at 20; <u>see also</u> <u>United States v. Smith</u>, 499 U.S. 160, 166-67 (1991) (FTCA not exclusive remedy for torts of Government employees when injured plaintiff brings <u>Bivens</u> action).

Here, plaintiff does not specifically claim that his property was negligently confiscated. Inartful as his pleadings are, he asserts that his artworks (which he describes by the type of medium used) were taken from his cell and disposed of before his remedies were exhausted. R. Doc. 1 at 4. He claims his due process rights were denied, that the defendants "stole and destroyed works of original art," that the defendants knew or should have known that their actions "would cause serious constitutional questions" and acted with "'evil motive and intent.'"

We leave it to the court on remand to determine whether plaintiff has stated a claim for intentional or reckless conduct, for negligent conduct, or both. We express no opinion as to whether plaintiff has adequately exhausted all available remedies. <u>See</u> <u>Yousef v. Reno</u>, 254 F.3d 1214, 1221 (10th Cir. 2001)

(recognizing requirement under 28 U.S.C. § 1997e(a) that exhaustion is mandated "'regardless of the relief offered through administrative procedures.'" (quoting Booth v. Churner, 121 S. Ct. 1819, 1825 (2001).

The appeal in No. 01-3072 is DISMISSED as frivolous, counting as two prior occasions under 28 U.S.C. § 1915(g).   See Jennings, 175 F.3d at 780.

The judgment of the district court in No. 01-3075 is REVERSED, and the cause is REMANDED for further proceedings.  Neither the district court's original dismissal nor this court's reversal count as a prior occasion.

The mandates shall issue forthwith.


                                              Entered for the Court


                                              David M. Ebel
                                              Circuit Judge