STEPHEN H. ANDERSON, Circuit Judge,
dissenting in part and concurring in part:
I write separately because, with one small exception, I believe that all of Elliott’s complaint was properly dismissed by the district court, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and/or for failure to state a claim.
First, the district court correctly determined that Elliott’s entire First Amendment claim was frivolous. The majority agrees with that conclusion with respect to the issues of Hawk magazine.
The majority also concludes, however, that there is a factual dispute concerning whether employees in the prison’s mail room censored and returned the letter and photographs that plaintiff alleges were sent to him by the woman in Rhode Island. In his grievance relating to this incident, Elliott alleged that the Rhode Island woman “normal[l]y sends me photos of women in panties or swimsuits.” Grievance No. AA20000942. He further alleged that he had not received such pictures and attached a photocopy of a letter from the woman in which she stated that the “prison keep[s] send[ing] me [the photos].” Id. In their response to his grievance, prison authorities denied that they had returned any mail addressed to Elliott without following standard procedures.
Elliott’s averments in his complaint regarding this grievance are extremely vague and conclusory—“Defendants failed to give Plaintiff a Notice of Mail Seizure or Censorship when rejecting Plaintiffs pen-pal letter(s), and then destroyed same and/or returning same to sender as unauthorized correspondence,” Compl. ¶ 17; “some LCF inmates are permitted to receive nude magazines while other inmates are prohibited from receiving the same magazines as well as personal mail from free-world individuals,” id. ¶ 22; “Defendants at LCF have destroyed personal mail sent to Plaintiff by free-world individuals, without affording him a Notice of Mail Seizure/Censorship, that is required by law,” id. ¶ 24; “The actions of the Defendants ... have ... caused Plaintiff to have publications destroyed as well as personal incoming letters without Notice of Mail Seizure/Censorship,” id. ¶29; “The actions of the Defendants ... have deliberately destroyed his personal mail and/or returned same to sender as unauthorized correspondence, thereby holding Plaintiff incommunicado with free-world individuals,” id. ¶ 38. Aside from these conclusory allegations, which are not only vague but generalized to the point of being meaningless for notice pleading purposes, the only actual information that Elliott provides supporting those allegations is a photocopy of a letter from the Rhode Island woman which he did in fact, evidently, receive in prison.
Thus, on the face of his complaint, Elliott’s claims with respect to the letters and photographs are frivolous. He alleges, on the one hand, that he did in fact receive a letter from the woman in Rhode Island, but, on the other hand, he alleges that he did not receive from her some other unspecified letter and/or photos and *228 he includes her averment that all her letters and/or photos were returned to her.
While I recognize that a pro se litigant’s pleadings are to be read liberally and broadly—and, at this stage, taken as true if asserted with at least a modicum of reasonable particularity—they nonetheless must contain something more than vague, conclusory, extremely generalized, or purely speculative assertions. See Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990) (to avoid dismissal for frivolousness pro se litigants must have some minimal level of factual support for claims); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that pro se plaintiffs conclusory allegations without supporting factual averments are insufficient to state a claim for relief). I would conclude that Elliott’s averments relating to his failure to receive photos from the woman in Rhode Island are properly dismissed as frivolous or for failure to state a claim.[1]
Additionally, the majority holds that the district court erred when it found Elliott’s conversion claim frivolous because “ ‘[t]he record suggests only that defendants retained the material to inspect its contents.’ ” Maj. Op. at 225 (quoting R., Doc. 5 at 9). The majority states that “the record before this court does not show what the prison officials did with the materials they seized or what ultimately happened to the materials.” Id. However, it is pure speculation to even suggest that the defendants did anything other than simply retain the materials to inspect their contents. To infer any other motive or conduct from the simple fact that the materials were retained for inspection in accordance with applicable regulations is to attribute unlawful motives to prison authorities performing their duties, without anything even approaching a particularized factual allegation.
Moreover, Elliott’s complaint styles his conversion claim as a violation of his federal constitutional rights, specifically his Fifth and Fourteenth Amendment rights. To the extent Elliott’s claim is based on an alleged procedural due process violation, the Supreme Court “has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim when the plaintiff has an adequate state remedy.” Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir.1989) (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) and Parratt v. Taylor, 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Either the prison grievance procedures, which Elliott pursued, or a state law claim for conversion, which Elliott appears to pursue in this case or presumably could pursue, provides an adequate post-deprivation remedy, such that his federal constitutional claim is subject to dismissal. See Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir.2000) (holding “the plaintiff had an adequate post-deprivation remedy in the [prison] grievance program”); Allah v. Al-Hafeez, 208 F.Supp.2d 520, 536-37 (E.D.Pa.2002) (same); Feliciano v. Servicios Correcionales, 79 F.Supp.2d 31, 34-35 (D.Puerto Rico 2000). And, if this conversion claim is properly characterized as a state law claim, the district court may decide, in its discretion, to decline to exercise supplemental jurisdiction over it. See United Int’l Holdings, Inc. v. The Wharf (Holdings), Ltd., 210 F.3d 1207, 1220 (10th Cir.2000), *229 aff'd, 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed.2d 845 (2001).[2] I would therefore affirm the district court’s dismissal of this claim as frivolous.
Finally, the single issue which I agree merits reversal is the district court’s erroneous conclusion that Elliott failed to exhaust his procedural due process claim concerning an alleged failure to notify him before certain materials were destroyed or returned. The record reveals that Elliott did pursue this claim through the prison’s administrative process and it is, therefore, exhausted. I would accordingly remand this case for the limited purpose of addressing Elliott’s procedural due process claim.

. It is ironic, and harmful to his claim that, in support of his assertion that he failed to receive a letter or letters from a particular person, he attaches a copy of a letter he did receive from that very same person.

. In dismissing Elliott’s conversion claim as "legally frivolous” and "wholly unsupported,” the district court implicitly declined to exercise supplemental jurisdiction over any state law claim contained in his conversion allegation.