**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| ANTHONY RANDAZZO MCBAYNE, | |
| Plaintiff - Appellant, | No. 03-1228 |
| v. | (D.C. No. 03-Z-549) |
| | (D. Colo.) |
| MICHAEL V. PUGH, in his individual capacity, Former Warden, ADX-Florence; DANIEL SHOFF, in his individual capacity, Former S.I.A., ADX-Florence; MARK COLLINS, in his individual capacity, ADX-Florence, | |
| Defendants - Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Anthony McBayne, a federal prisoner incarcerated at

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

United States Penitentiary (USP) in Florence, Colorado, appeals from the district court's dismissal of his complaint for damages filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The district court dismissed the complaint as legally frivolous under the standard set forth in 28 U.S.C. § 1915A(b).  Because we agree with the district court that Mr. McBayne has not alleged a violation of a protected constitutional right, we affirm the dismissal of this action as frivolous under § 1915A(b).

Mr. McBayne is a federal prisoner who from 1997 to 2001 was incarcerated at USP Florence, Colorado.  Upon arrival at USP Florence in 1997, Mr. McBayne was accepted into the pre-transfer program through which inmates may earn a transfer to a lower security facility.  Mr. McBayne alleges that in December 2000, prison officials approached him requesting his assistance with an ongoing investigation into allegations that prison guards were accepting money and gifts from inmates in exchange for contraband.  Mr. McBayne denied any culpability and refused to cooperate.  Following his refusal, Mr. McBayne was issued two reports of misconduct, which caused his removal from the pre-transfer program.  The two misconduct reports were later dismissed and Mr. McBayne was reinstated to the pre-transfer program.  He was subsequently transferred to USP Allenwood, Pennsylvania.

Mr. McBayne further alleges that once he arrived at Allenwood, federal

investigators continued to request his assistance with their ongoing investigation. He continued to refuse. In April 2002, Mr. McBayne was transferred back to USP Florence because of his continued refusal to cooperate with investigators. The specific reason for the transfer was his refusal to take a polygraph exam concerning information he previously provided. R. Doc. 4, Ex. 8.

To succeed in a Bivens action, Mr. McBayne must demonstrate that federal officials violated his constitutional rights while acting under color of federal law. Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000). Specifically, Mr. McBayne alleges that defendants retaliated against him because he elected to exercise his constitutional right against self-incrimination as guaranteed by the Fifth Amendment.

The district court dismissed the majority of Mr. McBayne's claims due to his failure to exhaust administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). See Porter v. Nussle, 534 U.S. 516, 532 (2002). Mr. McBayne appeals this determination, but a review of the record indicates that the district court was correct that Mr. McBayne had failed to exhaust remedies for every claim except that of retaliatory treatment by prison staff for exercise of his constitutional right against self-incrimination. We therefore consider only that claim on appeal.

Though commitment to a penal facility may limit an inmate in the exercise

of his constitutional rights, inmates may not be retaliated against for exercising those constitutional rights they do retain. Frazier v. DuBois, 922 F.2d 560, 561 (10th Cir. 1990). An inmate must prove that "but for" the retaliatory motive, the adverse action would not have occurred. Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). In his pro se brief, Mr. McBayne alleges that, contrary to the holding of the district court, his refusal to cooperate with federal investigators constituted an invocation of his Fifth Amendment right against self-incrimination and was motivated by a desire to avoid criminal prosecution. For two reasons, we disagree. First, Mr. McBayne did not invoke his Fifth Amendment rights at the time of his initial questioning and he may not resurrect them now. Second, the district court reasonably interpreted Mr. McBayne's claim to assert a right not to cooperate with authorities, rather than a violation of any constitutional right.

The fact that Mr. McBayne is a federal prisoner does not serve to strip him of his privilege against self incrimination. McKune v. Lile, 536 U.S. 24, 36 (2002) (plurality opinion). Fifth Amendment protections, however, may not be invoked retroactively. See Roberts v. United States, 445 U.S. 552, 559 (1980) ("The Fifth Amendment privilege against compelled self-incrimination is not self-executing. At least where the Government has no substantial reason to believe that the requested disclosures are likely to be incriminating, the privilege may not be relied upon unless it is invoked in a timely fashion."); United States v. Rogers,

921 F.2d 975, 979 (10th Cir. 1990). Plaintiff admits to cooperating with the authorities and giving a statement, but then refusing to sign a statement, take any polygraph exam, or further cooperate. R. Doc. 5 at 20-23, 25, 27-28, 31-32, 36.

On May 2, 2002, Mr. McBayne wrote a letter reminding the warden that McBayne had "a constitutional right not to be a witness against [him]self and not to cooperate with any law enforcement agents in their investigation where [he] may be a defendant." R. Doc. 4, Ex. 7 at 2. However, in his lengthy affidavit of March 3, 2003, Mr. McBayne repeatedly states that he denied any involvement in the offenses being investigated. See, e.g., R. Doc. 5 at 1, 4. Consistent with 42 U.S.C. § 1915A, we think it was reasonable for the district court to construe Mr. McBayne's complaint as asserting a right not to cooperate with law enforcement authorities, rather than asserting a right to be free of compulsory self-incrimination. Plainly, a "right to remain silent" does not encompass the former, as concealment of crime has always been disfavored. See 18 U.S.C. § 4 (misprision of a felony); Roberts, 445 U.S. at 557-58; Branzburg v. Hays, 408 U.S. 665, 696-97 (1972).

Therefore, we AFFIRM the district court's dismissal of Mr. McBayne's action. Mr. McBayne is granted leave to proceed in forma pauperis. We would

remind Mr. McBayne that he must continue to make payments until the entire filing fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge