**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN CHARLES GAUTHIER,

Petitioner - Appellant,

v.

HASKELL HIGGINS, Warden,

Respondent - Appellee.

No. 06-7102
(D.C. No. CIV-05-203-FHS)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner-Appellant John Charles Gauthier, a paroled state inmate appearing pro se, appeals from the denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Gauthier's petition alleged that the Oklahoma Department of Corrections (ODOC) violated his due process rights by transferring him to a different facility at a lower classification level, without a hearing, in retaliation for a civil rights lawsuit he has filed against ODOC officials. The district court denied the petition, holding that Mr. Gauthier was not entitled to a hearing before his transfer or change in classification level. It further held that Mr. Gauthier could not factually establish that his civil rights lawsuit was the but-for cause of his transfer and classification reduction. We construe Mr. Gauthier's

appeal as a request for a Certificate of Appealability (COA), see Fed. R. App. P. 22(b), which is a prerequisite for reviewing the denial of a state prisoner's habeas corpus petition, see Montez v. McKinna, 208 F.3d 862, 867-68 (10th Cir. 2000). Having concluded that Mr. Gauthier cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his appeal.

Background

At the time his habeas petition was filed, Mr. Gauthier was incarcerated at the Howard McLeod Correctional Center in Atoka, Oklahoma. Mr. Gauthier began serving his sentence in August of 2003, and he immediately began earning "good time" credits for his good behavior while in custody. He soon qualified himself for a Level IV classification, which entitled him to–among other things–the highest inmate pay grade, enhanced telephone privileges, and the opportunity to earn up to 60 good time credits per month of incarceration. See R. Doc. 8 Ex. 8, at 11.

On January 21, 2005, correctional officers conducted a search of Mr. Gauthier's cell. They discovered legal materials belonging to Mr. Gauthier and several other inmates as well as legal documents bearing the name of Correctional Officer Don Williams. See R. Doc. 8 Ex. 5. ODOC officials considered it inappropriate for an inmate to assist an officer with legal work because it could

affect the officer's impartiality or give the inmate undue influence over the officer. Therefore, Officer Williams was reprimanded, and Mr. Gauthier was ordered transferred to another facility. In accordance with ODOC policy, Mr. Gauthier was classified at Level I following his transfer. See R. Doc. 8 Ex. 8, at 2 ("Any time inmates transfer laterally or to higher security due to . . . reasons of security, the transferring facility will reduce the inmate to Level I effective . . . the date of the transfer . . . .").

After the search but before the transfer was finalized, Mr. Gauthier filed a civil rights lawsuit seeking the return of the legal materials that had been confiscated from his cell. Mr. Gauthier contends that, shortly before the transfer, he informed Respondent-Appellee Warden Haskell Higgins that he and Assistant Warden Bill Reynolds were named as defendants in this lawsuit.

On May 5, 2005, Mr. Gauthier brought his habeas petition in the district court, alleging that his transfer and classification reduction violated the due process clause of the Fourteenth Amendment, constituted retaliation for his civil rights lawsuit, and deprived him of 200 credits he would have earned but for his classification reduction. The district court denied his petition, ruling both that Mr. Gauthier was not entitled to a hearing for the Respondent's administrative decisions and that he could not establish that retaliation motivated his transfer and classification reduction. The court also noted that an inmate has no liberty interest in credits until they are earned.

Discussion

Before considering the merits of Mr. Gauthier's claim, we must determine whether he is entitled to a COA. We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, Mr. Gauthier "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Gauthier's petition raised four issues: (1) the transfer; (2) the reduction to Level I classification; (3) the deprivation of credits that would have been earned; and (4) the alleged retaliation. With respect to the transfer, the district court held that "[t]he law is clear petitioner has no constitutional right to be housed in a certain facility or in a certain unit within a facility." R. Doc. 23, at 2. Given that Oklahoma law creates no expectation that a prisoner will be held in any particular facility, this holding was undoubtedly correct. See Montanye v. Haymes, 427 U.S. 236, 242-43 (1976) ("The [Due Process] Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.").

With respect to the reduction in classification, the district court held that "[p]rison officials must be able to classify and house prisoner[s] as they see fit for institutional security purposes." R. Doc. 23, at 2. It also cited Montayne, in which the Supreme Court held that "[a]s long as the conditions or degree of

- 4 -

confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." 427 U.S. at 242. In other words, Mr. Gauthier was not entitled to a hearing before his classification could be automatically reduced as a result of his transfer. No reasonable jurist could conclude otherwise.

The district court likewise held that Mr. Gauthier was not denied due process simply because his reduced classification level deprived him of the chance to earn additional credits. It reasoned that he "has no protected constitutional right in an earned credit until it has been earned." R. Doc. 23, at 4. In light of our recent holding in Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006), that an inmate "has no constitutionally-protected liberty interest in earning . . . credits," no reasonable jurist would disagree with the district court's analysis.

Finally, the district court rejected Mr. Gauthier's argument that his transfer and reduction in classification were ordered in retaliation for his civil rights lawsuit. As the district court noted, a prisoner claiming retaliation must "allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights," Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990), and he "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place," Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990). Mr. Gauthier admits that he

was found to be assisting a correctional officer with legal work. <u>See</u> R. Doc. 1 Att. 1, at 6 ("I helped some correctional officer at McLeod with legal work (at his request) . . . ."). He offers no evidence rebutting the contention that he was moved and re-classified because of the security risks created by his relationship with the officer. Thus, Mr. Gauthier did not establish that retaliation was the but-for cause of his transfer and classification reduction, and no reasonable jurist would debate that the district court properly denied his habeas petition.

Accordingly, we DENY Mr. Gauthier's request for a COA and DISMISS his appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
