FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC D. SIMS,

    Plaintiff - Appellant,

v.

JEFF ZMUDA; DOUGLAS BURRIS;
JOHNNIE GODDARD; ELIZABETH
RICE,

    Defendants - Appellees.

No. 22-3002
(D.C. No. 5:20-CV-03146-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **HARTZ**, Circuit Judges.
_____

Eric D. Sims, proceeding pro se,[1] appeals the district court's dismissal of his

42 U.S.C. § 1983 action alleging prison officials transferred him to a different facility

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sims proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

in retaliation for protected expression under the First Amendment.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Sims is a Kansas state prisoner.  In 2018, Kansas prison officials

transferred him to a correctional facility in Florida pursuant to the Interstate

Compact for Adult Offender Supervision.  *See* Kan. Stat. Ann. § 22-4110;

Fla. Stat. Ann. § 949.07.  Mr. Sims sued in 2020.  He alleged the motivation for the

transfer was retaliation for a prior complaint he made to the Kansas Board of Healing

Arts against a doctor who treated him in prison.  Mr. Sims attached to his verified

amended complaint a copy of an April 2018 letter from a Kansas prison official to a

Florida prison official.  The letter stated, in part:

> We are seeking to compact this inmate out of state[.]
> [H]e has compromised staff and volunteers, he has filed
> complaints with the medical board against contracted
> doctors who now won't treat him, he has misled legislators
> and threatened private industry owners.
>
> We hope that a new start in a new environment will
> improve his behavior.

R. at 30.  In his amended complaint, Mr. Sims alleged the transfer violated the First

Amendment.  He also alleged the transfer violated the Fourteenth Amendment

because it forced him to authorize the destruction of some of his personal property.

The district court screened the complaint and issued an order to show cause

why it should not dismiss the complaint under 28 U.S.C. §§ 1915A(b) and

1915(e)(2)(B) for three reasons:  (1) expiration of the statute of limitations because

2

Mr. Sims filed the complaint more than two years after the transfer; (2) failure to state a First Amendment retaliation claim because the allegations did not show protected conduct substantially motivated the transfer; and (3) failure to state a Fourteenth Amendment claim for unconstitutional deprivation of property because there existed an adequate post-deprivation remedy at law. After receiving Mr. Sims's response, the court concluded that the action was not time-barred but Mr. Sims failed to state a First or Fourteenth Amendment claim. It therefore dismissed the complaint. This appeal followed.

## DISCUSSION

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In so doing, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss." *Id.* "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted). "Conclusory allegations are not entitled to the assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiff[] ha[s] stated a plausible claim." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation and internal quotation marks omitted). "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Mr. Sims raises two arguments on appeal.  First, he asserts the district court "exceeded the statutory limits of [§ 1915A]" when it screened his complaint.  Aplt. Opening Br. at 7 (boldface and capitalization omitted).  Second, he asserts the court erred in concluding his amended complaint failed to state a claim for retaliatory transfer in violation of the First Amendment.[2]  We reject each argument.

Regarding the first argument, § 1915A required the district court to review a prisoner complaint and "dismiss the complaint, or any portion of the complaint" that "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1); *see also* § 1915(e)(2)(B)(ii) ("[T]he court *shall* dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." (emphasis added)).  The court did not exceed the scope of its mandate here.  It reviewed the amended complaint and did not dismiss the action until it had afforded Mr. Sims an opportunity to respond to its concerns.

Regarding the second argument, reviewing the dismissal de novo, we conclude the court correctly dismissed Mr. Sims's First Amendment retaliation claim.

---

[2] Mr. Sims does not challenge the dismissal of his Fourteenth Amendment deprivation-of-property claim, so we affirm that portion of the district court's judgment.  *See Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) ("[I]ssues . . . are lost if they are not actually argued in the party's brief.").

"[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer." *Frazier v. Dubois*, 922 F.2d 560, 561–62 (10th Cir. 1990) (internal quotation marks omitted). Nonetheless, "prison officials do not have the discretion to punish an inmate for exercising his [F]irst [A]mendment rights by transferring him to a different institution." *Id.* at 562 (internal quotation marks omitted). To plead a First Amendment retaliation claim, a plaintiff must show, inter alia, that "the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009).

Mr. Sims has not done so. The amended complaint incorporates by reference the April 2018 letter outlining reasons for the transfer, *see* R. at 338 (amended complaint), 384 (amended complaint exhibit index), 30 (amended complaint exhibit), so the court could consider it when evaluating whether the amended complaint stated a claim, *see Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) ("Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion. Exceptions to this general rule include . . . documents incorporated by reference in the complaint." (internal citation omitted)). And the four reasons the letter outlines for the transfer—Mr. Sims's "compromis[ing] staff and volunteers" his "fil[ing] complaints with the medical board against contracted doctors *who now won't treat him*," his "mis[leading] legislators" and his "threaten[ing] private industry owners," *see* R. at 30 (emphasis added)—are constitutionally permissible.

5

Mr. Sims focuses heavily on the second of these stated reasons and argues it was error for the district court to give equal weight to the other three. But he provides no basis for the court to discount them beyond wholly conclusory allegations of conspiracy. The court properly disregards such allegations when determining whether the complaint states a plausible claim. *See Brooks*, 985 F.3d at 1281.

Even discounting the other three valid reasons for the transfer, Mr. Sims's argument would still fail because he conflates causation and motive. Assuming his complaints against state-contracted doctors were a cause of his transfer (because those doctors will no longer treat him), it still does not follow that the transfer was unconstitutionally motivated by those complaints. *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) ("[T]he essential inquiry is whether the decision to transfer was *motivated* by the *fact* that the inmate sued, or by the *nature* of the dispute underlying the lawsuit. If the substance of the inmate's claim makes it appropriate to transfer him under the Compact for rational penological reasons, the transfer does not become unconstitutional retaliation simply because the inmate made his claim known by filing a lawsuit."). We therefore agree with the district court that Mr. Sims's amended complaint did not plausibly plead that his prison transfer amounted to unconstitutional retaliation.

## CONCLUSION

We affirm the judgment of the district court. We deny Mr. Sims's motion for reconsideration of his motion to appoint appellate counsel. We deny Mr. Sims's

motion to proceed in forma pauperis for failure to raise "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge