**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHRISTOPHER D. HARRELL,

    Plaintiff - Appellant,

v.

JEREMY LIRA, Security Sergeant,
Wyoming Medium Correctional Institution,
in his official and individual capacities;
DANIEL SHANNON, Director, Wyoming
Department of Corrections, in his official
and individual capacities,

    Defendants - Appellees.

No. 24-8011
(D.C. No. 2:23-CV-00062-ABJ)
(D. Wyo.)

_____

## ORDER AND JUDGMENT*

_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

Christopher Harrell, a Wyoming state prisoner proceeding pro se, appeals the

district court's judgment in favor of defendants on claims arising under the

constitutions of Wyoming and the United States. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Harrell filed an action in Wyoming state court against Daniel Shannon, who is the Director of the Wyoming Department of Corrections ("WDOC"), and Jeremy Lira, a sergeant at the WDOC prison where Harrell is incarcerated. Harrell named defendants in their individual and official capacities and sought damages, declaratory relief, and injunctive relief. Defendants removed the action to federal court. In his operative amended complaint, Harrell asserted five claims. Three claims alleged violations of the Wyoming constitution's provisions protecting equal rights, humane treatment of prisoners, and freedom to seek redress in court. *See* Wyo. Const. art. 1, §§ 2, 16, 21. The other two claims arose under 42 U.S.C. § 1983 and asserted violations of the United States Constitution, namely, a First Amendment retaliation claim and a Fourteenth Amendment equal protection claim.

Each of Harrell's claims arose primarily out of conduct violation report 22.04.066 ("CVR"), which Harrell received in April 2022. According to Harrell, a corrections officer, Sergeant Fisher, who is not a defendant here, told prisoners standing in the pill line (including Harrell) that per WDOC policy, they would have to eat their meals before receiving their medications. Sergeant Fisher then asked Harrell if he had a medical order to consume his medications before eating. Harrell stated that he did (apparently based on his belief that a prison nurse practitioner had agreed to enter such an order). Upon confirming Harrell did not have such an order, Sergeant Fisher charged him with making a false or misleading statement to a staff member or official. Defendant Lira, serving as the disciplinary hearing officer, found

Harrell guilty of the charged violation and sanctioned him with 15 days of recreation restriction.  Director Shannon denied Harrell's final grievance appeal, concluding that, contrary to Harrell's position, Harrell was punished for making a false statement, not for taking his medications before getting his meal.  Director Shannon also concluded nothing substantiated Harrell's claim of discrimination, negligence, or disproportionate enforcement of WDOC policy.

In his amended complaint, Harrell acknowledged that "technically [the] CVR was for providing false testimony," but he alleged he was actually punished for receiving his medication before eating, R. at 92 n.1, even though there is no posted policy prohibiting prisoners from doing so.  He further alleged that in December 2022, more than seven months later, Sergeant Lira was staffing the pill-call window and allowed other prisoners to receive their medications before eating but did not punish them.  Harrell asserted that this amounted to unequal treatment and that defendants' underlying motivation for issuing and upholding the CVR was to punish him for his outspokenness against WDOC officials and policies, including his efforts to seek administrative and judicial redress.

Harrell also made numerous allegations that Director Shannon engaged in a wide-ranging pattern of permitting retaliatory conduct violation reports against him and ignoring Harrell's formal and informal complaints about the conditions of his confinement.

Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The

3

district court granted the motion and dismissed the action without prejudice. The court dismissed the § 1983 claims and the official-capacity state-law claims, and it declined to exercise supplemental jurisdiction over the individual-capacity state-law claims. Harrell timely appealed.

## II.  Standard of review

"Our review of the district court's ruling on a motion to dismiss is de novo, accepting all well-pleaded allegations of the complaint as true and considering them in the light most favorable to the nonmoving party." *Johnson v. Smith*, 104 F.4th 153, 167 (10th Cir. 2024) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In assessing whether a plaintiff has stated a claim for relief, we must restrict our review to only the "allegations within the four corners of the complaint," and we cannot consider other pleadings or external allegations. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) (internal quotation marks omitted). Exceptions to this rule are limited to (1) documents attached to the complaint as exhibits; (2) documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed; and (3) matters subject to judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).[1]

---

[1] Because new factual allegations Harrell raises in his appellate briefs do not fall within any of these exceptions, we do not consider those allegations.

We construe Harrell's pro se filings liberally but without acting as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. Discussion

### A. § 1983 claims

#### 1. First Amendment retaliation claim

"Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving [three] elements":  (1) "the plaintiff was engaged in constitutionally protected activity," (2) "the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity," and (3) "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

The district court determined Harrell plausibly pleaded the first element—his filing of grievances against the WDOC and its employees was a constitutionally protected activity.  But the court determined he failed to plausibly plead facts showing the second and third elements and in fact presented no argument regarding either element.  The court concluded that the punishment Harrell received (15 days of recreation restriction) would not chill an inmate of average firmness from continuing to file grievances, and the fact he continued to file grievances and judicial actions not only bolstered that conclusion but served to show the allegedly retaliatory conduct "emboldened" him.  R. at 198.  And the court concluded that Harrell had not pleaded

5

any specific facts showing it was plausible that his grievances directly motivated defendants to enter the CVR or any other conduct violation reports against him.

In his opening brief, Harrell cites the *Shero* standard but fails to present any argument regarding the second element—whether the punishment he received would chill an inmate of average firmness from continuing to file grievances. He has accordingly waived appellate review of the district court's conclusion that he failed to plausibly plead the second element. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).[2] As for the third element, Harrell presents nothing more than conclusory statements that his grievances and other protected First Amendment activity directly motivated defendants to enter CVRs against him. That is insufficient to avoid dismissal. *See Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice; [Harrell] must rather allege specific facts showing retaliation because of the exercise of [his] constitutional rights."). Accordingly, we affirm the district court's

---

[2] In his reply brief, Harrell argues that the chilling effect was his choice "to suffer medically to avoid fundamentally unfair practices by Defendant[s]." Aplt. Reply Br. at 18. But that effort comes too late and without a plain-error argument. *See Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016) ("We generally do not consider arguments raised for the first time in a reply brief."). In addition, we fail to see where he presented this argument to the district court. He therefore forfeited the argument before the district court, and we deem the argument waived because he has not argued for plain-error review on appeal. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

dismissal of the First Amendment retaliation claim and need not reach Harrell's arguments regarding the alternative grounds the district court relied on.[3]

## 2. Fourteenth Amendment equal protection claim

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Harrell based his equal protection claim on allegations that the CVR Sergeant Lira upheld was for getting his medications prior to eating, but Sergeant Lira did not punish other inmates who did the same thing some seven months later.

Because Harrell did not allege he was a member of a protected class, the district court construed his claim as involving a "class of one." "The paradigmatic 'class of one' case . . . is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (brackets and

---

[3] The district court concluded in the alternative that to the extent the First Amendment retaliation claim was based on the CVR, it was barred for two reasons: (1) ample evidence supported the finding that Harrell was guilty of the CVR, and therefore he could not use the CVR as the basis for a retaliation claim against either defendant, *see Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018) ("A prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." (brackets and internal quotation marks omitted)); and (2) the prohibition against claim-splitting barred the claim against Sergeant Lira because Harrell had litigated the CVR in a prior action, *see Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.").

internal quotation marks omitted).  "To prevail on this theory, a plaintiff must first establish that others, similarly situated in every material respect[,] were treated differently."  *Id.* (internal quotation marks omitted).  Then, a plaintiff must "show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity."  *Id.* (citation and internal quotation marks omitted).

In addressing Harrell's equal protection claim, the district court first observed that Harrell's premise—that he was punished for receiving his medications before eating—was flawed because the record in this case and a prior case in which he litigated the CVR clearly showed he was punished for making a false statement.[4] The court nonetheless assumed Harrell's premise was true and concluded he had not plausibly pleaded either element of a class-of-one equal protection claim.

As to the first element, the court noted that Harrell had only offered a conclusory allegation that the prisoners who were not punished for receiving their medications before consuming their meal in December 2022 were similarly situated to him in all material respects:  "'Defendant Lira allowed multiple other inmates to receive their prescribed medications prior to eating their meals without giving them a [conduct violation report].  These other inmates were similarly situated and treated

---

[4] In the prior case, the district court dismissed claims Harrell brought against Sergeant Lira and Director Shannon related to the CVR.  *See Harrell v. Johnson*, No. 2:22-cv-177-NDF, ECF No. 115 at 24 n.11, 34–35 (D. Wyo. Nov. 11, 2022) (Amended Order on Motions to Dismiss and Initial Review of the Second Amended Complaint).

differently than Mr. Harrell.'"  R. at 205 (quoting R. at 106, ¶ 65) (ellipsis and emphasis omitted).  The court reasoned that Harrell's conclusory allegation failed to account for the fact that "medication is highly individualized.  Some inmates may have regimens that require a meal before ingesting their medications while others may be able to take their pills prior to dining."  R. at 206.  Harrell's conclusory allegation that he and the other inmates were similarly situated, the court explained, failed to account for such variables and therefore did not plausibly meet the first element of a class-of-one claim.

We agree with the district court that, assuming the truth of Harrell's factual premise, he failed to plausibly allege the first element of a "class of one" claim.  We therefore need not reach Harrell's arguments regarding the district court's analysis of the second element.[5]

We approach "class-of-one claims with caution," especially regarding "challenges to low-level government decision-making, which often involves a great deal of discretion."  *Kan. Penn Gaming*, 656 F.3d at 1216.  Thus, demonstrating the two required elements is a "substantial burden" on plaintiffs, and the first element is "especially important in class-of-one cases."  *Id.* at 1217 (internal quotation marks omitted).  "[T]he requirement that comparators be similarly situated in all material respects is inevitably more demanding where a difference in treatment could

---

[5] Our analysis also renders it unnecessary to consider Harrell's argument that, had the district court agreed to listen to a recording of the hearing on the CVR, it would have realized that Harrell's factual premise was true.

9

legitimately be based on a number of different factors." *Id.* at 1218 (emphasis and internal quotation marks omitted). It is therefore "imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Id.* at 1217 (internal quotation marks omitted).

Harrell's conclusory allegation that the other inmates and he were similarly situated simply because both were in the pill line before eating is insufficient to meet these demanding requirements given the different factors that could have accounted for the allegedly unequal treatment. Harrell concedes the district court "was correct" about medication-related variables. Aplt. Opening Br. at 25. But he argues he could have supplied sufficient facts if he were permitted discovery to learn which inmates were allowed to consume their medications before eating. A motion to dismiss, however, tests the allegations of the complaint. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). And where those allegations fail to state a plausible claim for relief as required by Federal Rule of Civil Procedure 8, a plaintiff "is not entitled to discovery." *Id.* at 686; *see also id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). We therefore reject Harrell's argument.

**B.     Failure to state a personal or supervisory claim against Director Shannon**

The district court concluded that Harrell failed to state a personal or supervisory § 1983 claim against Director Shannon. We agree. Because Harrell

10

failed to plausibly allege a constitutional claim, he cannot show that Director Shannon's denial of Harrell's final grievance appeal of the CVR amounts to a federal constitutional violation for which Director Shannon is personally liable. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). And a supervisor may not "be held liable based on an unconstitutional policy where there is no evidence of a constitutional violation by any individual subordinate." *Burke v. Regalado*, 935 F.3d 960, 1010 (10th Cir. 2019).

## C. Qualified immunity

In their motion to dismiss, defendants raised the issue of qualified immunity. Harrell therefore bore "a heavy two-part burden" to show that defendants' "actions violated a constitutional or statutory right" and "that the right was clearly established at the time of the conduct at issue." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted). The district court concluded Harrell failed to establish either prong. Because we have affirmed the determination that Harrell failed to plausibly plead the violation of a constitutional right, he cannot establish the first prong. We therefore need not consider whether the law was clearly established. Thus, we affirm the district court's award of qualified immunity on Harrell's individual-capacity § 1983 claims.

11

**D.    Official-capacity state-law claims**

The district court concluded that sovereign immunity and the lack of legislative authorization barred the Wyoming constitutional claims against defendants in their official capacities.  We agree.

"[T]he general rule in Wyoming is that the government is immune from liability, and, unless a claim falls within one of the statutory exceptions to governmental immunity, it will be barred."  *State Dep't of Corr. v. Watts*, 177 P.3d 793, 798 (Wyo. 2008) (brackets and internal quotation marks omitted).  "The decision of whether to waive immunity for a governmental entity belongs to the Wyoming Legislature, not [the Wyoming Supreme] Court."  *Craft v. State ex rel. Wyo. Dep't of Health*, 465 P.3d 395, 403 (Wyo. 2020).

The Wyoming Constitution provides that "[s]uits may be brought against the state in such manner and in such courts as the legislature may by law direct."  Wyo. Const. art. 1, § 8.  The Wyoming Supreme Court, however, has held that this provision "is not self-executing; that no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit or claim could be made against the State."  *May v. Se. Wyo. Mental Health Ctr.*, 866 P.2d 732, 737 (Wyo. 1993) (internal quotation marks omitted).  Harrell has not identified (nor are we aware of) any provision by the Wyoming legislature allowing the State to be sued under §§ 2, 16, or 21 of Article 1 of the Wyoming Constitution.  Accordingly, the district court correctly applied sovereign immunity to dismiss the state constitutional claims as to defendants in their official capacities.  *See May*,

12

866 P.2d at 737 (holding that plaintiff's "civil rights claims, based on the Wyoming Constitution, fail because of no implementing legislation").

### E.    Supplemental jurisdiction

Harrell has not argued that the district court erred in declining to exercise supplemental jurisdiction over the individual-capacity state-law claims. *See* 28 U.S.C. § 1367(c) (listing circumstances where district court may decline to exercise supplemental jurisdiction). He asserts only that those claims "were supposed to be sent back to State Court and have not been for some unknown reason." Aplt. Opening Br. at 29. Although the district court had discretion to remand the case to state court, it did not do so. Instead, the district court dismissed Harrell's action without prejudice, thus implicitly dismissing without prejudice the individual-capacity state-law claims over which the court declined to exercise supplemental jurisdiction. The district court had discretion to choose between dismissal without prejudice and remand. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238–39 (10th Cir. 2020). Harrell has not developed any argument that the district court abused its discretion in this regard. He therefore has waived appellate review of the issue. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

### F.    Costs

The district court granted defendants their costs but later vacated that order. Hence, Harrell's complaint about the grant of costs is moot.

13

## IV.  Conclusion

The district court's judgment is affirmed.  We grant Harrell's motion to proceed on appeal without prepayment of costs and fees, but we remind him of his obligation to continue making partial payments until his filing fee is fully paid.  *See* 28 U.S.C. § 1915(a)(1) (excusing only "prepayment" of fees).

Entered for the Court

Nancy L. Moritz
Circuit Judge